**Miles Payton GOODNER, Jr., Plaintiff**

v.

**James A. AIKENS, John L. Nunn, Charles E. Wright, James E. Kimmel, Michael T. Scott, Norman G. Owens, Chuck S. Ellar, Dawn M. Hoffman, and Mark Lebenhagen, Defendants.**

**No. 3: 93 cv 841AS.**

United States District Court, N.D. Indiana, South Bend Division.

Aug. 30, 1994.

Miles Payton Goodner, Jr., pro se.

Seth M. Lahn, Office of Indiana Atty. Gen., Indianapolis, IN, for defendant.

### MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This case is unfortunately an all too common example of the Indiana Attorney General's continued disrespect of this court's rules and time limits.

The complaint was filed in this case on December 13, 1993. The court granted the Attorney General's request for an extension of time to answer until February 10, 1994. The plaintiff served his Amended Complaint on the Indiana Attorney General on February 1, 1994. The Indiana Attorney General filed neither an Answer nor a motion for an extension of time, and on March 4, 1994 the plaintiff filed a motion for entry of default. The Clerk entered default on March 14, 1994.

Ten days later on March 24, 1994 the Indiana Attorney General filed a motion to set aside the entry of default and extend time to answer, which this court granted on March 28, 1994. The Indiana Attorney General termed the failure to answer or move "excusable neglect," but frankly the failure to at the very least move for an extension was not excusable. It was, however, common practice. The defendants requested an extension of time to March 31, 1994 to answer, and such was granted.

On April 4, 1994 the defendants filed a motion to dismiss instead of a (late) answer. This court converted the motion to dismiss to a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on April 7, 1994. The defendants were given almost two months, until June 1, 1994,

to file further supplementation of that motion. Again late, on June 6, 1994 the Indiana Attorney General filed a motion to extend time to July 1, 1994 to file supplementation (again citing "excusable neglect"). On June 7, 1994 this court granted said extension. On July 1, 1994, the Indiana Attorney General requested yet another extension of time to July 31, 1994. On July 6, 1994 the court granted another extension to July 31, 1994.

As of August 30, 1994, nothing further has been heard from the Indiana Attorney General. There has never been an answer and a motion for summary judgment has now languished unsupported for almost five months. The Indiana Attorney General· can have the words "Excusable Neglect" chiseled in Bedford limestone above the door of the Indiana Government Center, but this court wants no more of it in this case. The defendants' motion for summary judgment is hereby **DE-NIED. SO ORDERED.**